USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/26/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF EURASIAN BANK JSC AND EURASIAN PROJECT 1 LLP,

Petitioners,

for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

No. 19-mc-00568 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On December 12, 2019, Petitioners Eurasian Bank JSC and Eurasian Project 1 LLP submitted an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a criminal investigation in Kazakhstan. Eurasian Project 1 LLP is a wholly-owned subsidiary of Eurasian Bank JSC. In support of their application, Petitioners filed a memorandum of law, a declaration of Aleksandr Georgievich Orlov, and a declaration of Dmitry Anatolievich Golubinsky. Petitioners seek permission to serve subpoenas on: (1) The Bank of New York Mellon Corporation, or its subsidiary, The Bank of New York Mellon; (2) Citibank, N.A.; (3) JPMorgan Chase, N.A.; (4) Deutsche Bank AG or its U.S. banking subsidiary, Deutsche Bank Trust Company Americas; (5) Commerzbank AG; and (6) UBS AG. For the following reasons, the Court grants Petitioners' application.

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations omitted).

Petitioners have met all three of these statutory requirements. First, Petitioners aver that all Respondents reside in this district. Dkt. 8 at 16-17. Second, Petitioners have requested the discovery for use in a foreign proceeding. Under the plain text of Section 1782, a foreign proceeding "include[es] criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see also In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 458 (2d Cir. 2014) (holding § 1782 "applies to a foreign criminal investigation involving an investigating magistrate seeking documents in the United States"); *In re Wilhelm*, 470 F. Supp. 2d 409, 411 (S.D.N.Y. 2007) (granting a § 1782 application where an "adjudicative proceeding, which is to say a formal accusation, against the individuals in question lies within reasonable contemplation") (citations and internal quotation marks omitted). Petitioners intend to use the discovery in an ongoing Kazakhstani criminal investigation that is being overseen by an Investigating Judge and have established that formal criminal proceedings are within reasonable contemplation. Dkt. 8 at 8, 17-18. Third, Petitioners are interested parties in the foreign proceeding because the General Prosecution Office has recognized Eurasian Bank JSC as an "injured party" under Article 71 of the Criminal Procedure Code of Kazakhstan. *Id.* at 9, 20-21. Under Article 71, an "injured party" has substantial participation rights in connection with a criminal investigation and any resulting criminal proceedings, including the right to present evidence and to seek to recover its losses. *Id.* Accordingly, Petitioners have satisfied the statutory requirements for obtaining discovery in aid of a foreign proceeding.

Petitioners have also satisfied the four discretionary factors set forth by the Supreme Court "that bear consideration in ruling on a § 1782(a) request." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). These factors include:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome."

In re Catalyst Managerial Servs., DMCC, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp.*, 542 U.S. at 264–65).

Each of the discretionary factors weighs in favor of granting the subpoena. First, Petitioners claim they have no reason to believe that Respondents are subjects of the criminal investigation or that they will be parties in any resulting criminal proceedings. Second, it appears that Kazakhstan's General Prosecution Office would likely be receptive to the discovery request. Third, there is no evidence that Petitioners are attempting to circumvent any proof-gathering restrictions imposed by Kazakhstan law or otherwise seeking the discovery in bad faith. Finally, the subpoenas proposed by Petitioners are not unduly intrusive or burdensome.

For the foregoing reasons, it is hereby ORDERED that Petitioners' application pursuant to 28 U.S.C. § 1782 to serve subpoenas on (1) The Bank of New York Mellon Corporation, or its subsidiary, The Bank of New York Mellon; (2) Citibank, N.A.; (3) JPMorgan Chase, N.A.; (4) Deutsche Bank AG or its U.S. banking subsidiary, Deutsche Bank Trust Company Americas; (5) Commerzbank AG; and (6) UBS AG is GRANTED. The Clerk of court is respectfully directed to terminate the motion pending at Dkt. 7.

SO ORDERED.

Dated: January 2, 2020
New York, New York

Ronnie Abrams
United States District Judge

3